UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY ABRAYTIS, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA TAX COURT, INDIANA BOARD OF TAX REVIEW, and PORTER COUNTY ASSESSOR HARRIGAN, <br><br> Defendants. | CAUSE NO.: 2:24-CV-358-TLS-JEM |

**OPINION AND ORDER**

On October 10, 2024, the pro se Plaintiff Mary Abraytis filed her Complaint [ECF No. 1] in the instant action seeking relief based on the Porter County Assessor's 2020 and 2021 tax assessments of her residential property located in Valparaiso, Indiana. This matter is before the Court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Forma Pauperis and dismisses without prejudice the Plaintiff's complaint for lack of subject matter jurisdiction.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal

courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Here, the Plaintiff's household of one receives at least $1,945 per month. The Plaintiff's monthly income exceeds 150 percent of the Poverty Line, which is $1,882.50 per month. *See* http://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf. Moreover, the Plaintiff has not otherwise demonstrated paying the filing fee would result in an inability to provide for the necessities of life.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).

In this case, the relief that the Plaintiff requests is that the Court "restore the 2020 real property tax year to the appropriate land value of $32,300[] and Improvement Value of $118,200." Compl. 25, ECF No. 1. She also requests that the Court "add on for relief for tax year 2021," "Land Value $32,700," and "Improvement Value $136,300." *Id*. She further requests "instructions [that] the Assessor must bring assets up to date." *Id*. Based on the requested 2020 and 2021 tax reassessments, the Plaintiff also seeks a refund, all "entitled exemptions," and credits. *Id*.

"[T]he federal district courts are courts of limited jurisdiction." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," often referred to as federal question jurisdiction. 28 U.S.C. § 1331. Here, although in reading the Plaintiff's claims generously she appears to allege violations of her rights under the United States Constitution for "discrimination" and a "civil rights violation," the Plaintiff does not allege any facts to support such claims. But even if her allegations were sufficient, the Plaintiff's requested relief arises from Indiana property tax laws, as she requests that this Court revise the Porter County Assessor's 2020 and 2021 tax assessments on her residential property. *See E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 958 (7th Cir. 2021) ("For a case to satisfy § 1331 by 'arising under' federal law, however, it is not enough for a plaintiff to merely call upon a constitutional provision . . . in the complaint."). Thus, the Plaintiff does not sufficiently allege federal question jurisdiction under 28 U.S.C. § 1331.

Alternatively, diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). It is unclear whether either requirement is met in this case, although it appears at a minimum that there may not be diversity of citizenship. The Complaint alleges that the address of the Plaintiff and each of the Defendants is in Indiana. However, citizenship of a natural person, such as the Plaintiff and the Porter County Assessor, is determined by domicile, not by address. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that

3

is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). As it is unclear whether the Plaintiff intends to assert that the Court has subject matter jurisdiction over the case based on diversity jurisdiction, the Plaintiff will be given an opportunity to make the necessary showing, if appropriate. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (recognizing that the party seeking to invoke the court's jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

However, even if the Plaintiff can show that the Court has diversity jurisdiction over the claims in this case, this Court cannot provide the Plaintiff with the requested relief on her claims in the form of revising the Porter County Assessor's 2020 and 2021 tax assessments for her residential property. This is because "[t]he Tax Injunction Act forbids federal district courts to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law,' provided that an adequate remedy is available in the state courts." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 725 (7th Cir. 2011) (quoting 28 U.S.C. § 1341); *see also Hay*, 312 F.3d at 878; *Abyssinian Outreach Ministries v. Lake Cnty. Treasurer/Auditor*, No. 2:19-CV-334, 2020 WL 4926252, at *4 (N.D. Ind. Aug. 21, 2020); *Dorsey v. City of Indianapolis*, No. 1:16-CV-01435, 2016 WL 5871711, at *3 (S.D. Ind. Oct. 7, 2016); *Israel v. Martin*, No. 1:08-CV-109, 2008 WL 1994859, at *2 (N.D. Ind. May 6, 2008).

Here, the Plaintiff makes additional allegations related to whether there is an adequate remedy available to her in Indiana state court. The Plaintiff says that she appealed the 2020 tax assessment to the Indiana Board of Tax Review, Indiana Tax Court, Indiana Court of Appeals,

4

and the "Indiana Superior Courts." Compl. 6, 19, 24. With the Indiana Tax Court, the Plaintiff alleges that the 2020 tax assessment is higher than it should be because of the court's improper reliance on the Porter County Assessor's appraisal, which she believes stems from the court not applying the law, "overstepp[ing] its bound beyond authority to proscribe value," disregarding "the conflict of issues claim" (involving a negative fifteen percent influence factor), and the sales comparison values presented to the court by the Porter County Assessor were "not of accurate value." *Id*. 7, 9, 11, 12, 16. According to the Plaintiff, this means the Indiana Tax Court "forced [an] unaddressed error." *Id*. 10. The Plaintiff also believes that she met her burden in establishing a prima facie case (on the 2020 tax assessment) before the Indiana Tax Court because she brought other sale comparisons, and that the Plaintiff also believes that she has "shown a reasonable probability of prevailing." *Id*. 13, 18.

At the Indiana Court of Appeals, the Plaintiff alleges that "so much that what was briefed to the Appeals Court was not reviewed on Appeal." *Id*. 21. The Plaintiff mainly complains that the court clerk of the Indiana Court of Appeals removed two pages of her brief, the judge delayed entering a decision for about one year, and the judge entered a decision in the Plaintiff's favor but the next day amended the order entering a decision affirming the decision of the Indiana Board of Tax Review. *Id*. 19, 20. The Plaintiff also says that she "cannot overcome a fact burden when no burden shifting, or evidence weighing because the [Plaintiff] had shown cannot be used at any stage of the proceedings and could not do altogether." *Id*. 21. And, at the "Indiana Superior Courts," the Plaintiff alleges that her "'Notice' directional to Indiana Superior Courts [was] timely filed," and "[t]he Court by Honorable Loretta Rush filed Dec 4, 2023 Denied [her] reason[s] for relief." *Id*. 24. She "then submitted a Motion of inconsistent adherence to the Court rules," but the court "reaffirmed" the order on December 19, 2023. *Id*.

5

However, in *Hay*, the Seventh Circuit Court of Appeals determined that there is an available and sufficient remedy for Indiana taxpayers to challenge their real property tax assessments:

> Under Indiana law, a taxpayer can seek review of a property tax assessment by the County Property Tax Assessment Board of Appeals (Ind. Code §6-1.1-15-1) and can appeal any finding to the Indiana Board of Tax Review (Ind. Code § 6-1.1-15-3). If a taxpayer remains unsatisfied after these administrative review processes, she may seek judicial review with the Indiana Tax Court. Ind. Code § 6-1.1-15-5. From there, all appeals go to the Indiana Supreme Court, and then, of course, a party may petition the United States Supreme Court for certiorari. In addition to the direct challenge, the state statute also provides a procedure for taxpayers to receive a refund for property taxes assessed and paid that are later found to be illegal as a matter of law. Ind. Code § 6-1.1-26-1.
>
> Viewing these statutory mechanisms in light of the requirements of *Rosewell*, we conclude that Indiana provides a plain, speedy and efficient remedy for those who wish to contest their real property tax assessment. Indeed, we have come to the same conclusion twice before based on an examination of now-repealed, but substantially similar state court review mechanisms. *See Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975); *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978). In *Miller*, the Court noted that a taxpayer could appeal the assessment to the County Board of Review, then to the State Board, a county circuit court, to the Indiana Supreme Court, and finally to the United States Supreme Court. *Id.* at 32. Similarly, in *Sacks*, the court noted that review was available first by the County Board of Review, then by the State Board of Tax Commissioners, followed by review in the state courts. *Id.* at 174–75. The *Sacks* court also noted that taxpayers could take an alternate course and seek a refund after paying the taxes by demonstrating that the taxes were, as a matter of law, illegal. *Id.* at 175. Although the specifics of the tax assessment statutes have been revised, these same remedies are available to the taxpayers in the instant case.

312 F.3d at 880–81.

For the same reasons, there is an adequate remedy available in Indiana state court for the Plaintiff's claims in this case based on review mechanisms that are substantially similar to the now-repealed mechanisms reviewed in *Hay*. First, if a taxpayer does not agree with the assessment of the taxpayer's tangible property, the taxpayer has forty-five days to appeal to the county board. *See* Ind. Code § 6-1.1-15-1.1; *see also* Ind. Code § 6-1.1-1-19 (defining "tangible

6

property" as "real property and personal property as those terms are defined in this chapter"). An appeal may raise an error related to, among other things, "[t]he assessed value of the property," "[t]he approval[,] denial[,] or omission of a deduction, credit, exemption, abatement, or tax cap," and "[t]he legality or constitutionality of a property tax or assessment." *Id*. § 6-1.1-15-1.1(a)(1), (3), (6). The taxpayer then has forty-five days to appeal an adverse decision of the county board to the Indiana Board. *See id.* § 6-1.1-15-3(d). A decision of the Indiana Board in turn can be appealed to the Indiana Tax Court. *See id.* § 6-1.1-15-5(b).

The Indiana Tax Court has exclusive jurisdiction over claims arising under the tax laws of Indiana:

> The tax court is a court of limited jurisdiction. The tax court has exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by:
> (1) the department of state revenue with respect to a listed tax (as defined in IC 6-8.1-1-1); or
> (2) the Indiana board of tax review.

*Id.* § 33-26-3-1. "[A] case 'arises under' the tax laws [of Indiana] if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection." *State v. Sproles*, 672 N.E.2d 1353, 1357 (Ind. 1996); *see also Marion Cnty. Auditor v. Revival Temple Apostolic Church*, 898 N.E.2d 437, 445 (Ind. Ct. App. 2008). In addition, a parcel owner who wishes to bring a claim arising under the tax laws of Indiana must exhaust administrative remedies before seeking review by the Indiana Tax Court and may not circumvent those requirements by seeking relief in the trial court instead. *See State ex rel. Att'y Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1246–47 (Ind. 2005) (recognizing the exclusive jurisdiction of the Indiana Tax Court, finding that exhaustion of administrative remedies was required on the claim regarding the constitutionality of the statute providing for property tax assessments in Lake County and holding that the trial court did not have subject matter

jurisdiction based on the failure to exhaust administrative remedies (citing *Sproles*, 672 N.E.2d at 1357)); *Revival Temple Apostolic Church*, 898 N.E.2d at 445–46 (holding that the trial court did not have subject matter jurisdiction to order a refund of property taxes because of the exclusive jurisdiction of the Indiana Tax Court and the failure of the plaintiff to exhaust administrative remedies).

Moreover, the decisions of the Indiana Tax Court may be appealed directly to the Indiana Supreme Court. Ind. Code § 33-26-6-7(d). However, "the taxpayer's failure to win in state court or to use the remedy properly does not negate the existence of the remedy." *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172, 175 (7th Cir. 1978).

Thus, Indiana law provides an adequate remedy for Plaintiff to challenge the state proceedings related to the 2020 tax assessment and to challenge the 2021 tax assessment. *See Abyssinian Outreach Ministries*, 2020 WL 4926252, at *4 (citing cases). Although it is unclear from her allegations whether the Plaintiff appealed the decision of the Indiana Tax Court to the Indiana Supreme Court, there is no indication that, if she had, the Plaintiff petitioned the United States Supreme Court for certiorari. However, her failure to use both or either of these remedies does not negate their existence. *See Sacks Bros. Loan Co.*, 578 F.2d at 175. And, that the Plaintiff did not win her appeals of the Porter County Assessor's 2020 tax assessment to the Indiana Board of Tax Review, Indiana Tax Court, Indiana Court of Appeals, and the "Indiana Superior Courts" or exhaust her remedies by appealing the 2021 tax assessment does not negate the existence of the state court remedies either. *See id*.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until December 6, 2024, to file an amended complaint, if any. *See*

8

*Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion by stating a claim that the Court has subject matter jurisdiction over and by including a jurisdictional statement setting forth the basis of this Court's jurisdiction. *See, e.g.*, 28 U.S.C. §§ 1331, 1332. In addition, the amended complaint must include the address for each Defendant, and the Plaintiff must include complete proposed summonses with the amended complaint. Along with an amended complaint, the Plaintiff must also pay the $405 filing fee. If the Plaintiff does not file an amended complaint by December 6, 2024, with the $405 filing fee, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until **December 6, 2024**, to file an amended complaint, accompanied by the $405 filing fee and complete proposed summonses. If the Plaintiff does not file an amended complaint by December 6, 2024, with the $405 filing fee and complete proposed summonses, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on November 6, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT