UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY ABRAYTIS, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA TAX COURT, INDIANA BOARD OF TAX REVIEW, and PORTER COUNTY ASSESSOR HARRIGAN, <br><br> Defendants. | CAUSE NO.: 2:24-CV-358-TLS-JEM |

**OPINION AND ORDER**

The Court dismissed pro se Plaintiff Mary Abraytis' claims—related to her previous Indiana state court actions involving her disputes of tax assessments on a residential property in 2017, 2018, 2019, and 2020, the Indiana state courts' final determinations regarding those disputes, and an allegation of fraud on the court during those proceedings—based on a lack of subject matter jurisdiction. *See* Dec. 20, 2024 Op. & Ord., ECF No. 7. This matter is before the Court on the Plaintiff's Letter [ECF No. 10], filed on February 5, 2025, which asks the Court to reconsider its December 20, 2024 Opinion and Order [ECF No. 7] dismissing her Amended Complaint [ECF No. 4].[1] For the reasons set forth below, the Court denies the motion.

Although the Plaintiff does not identify the pertinent legal authority under which she brings her Letter, the Court construes the Letter as a motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e) because the Plaintiff has made arguments for

---

[1] Because the Letter is addressed to the "Chief Justice" (Chief Judge Brady), it appears that the Plaintiff incorrectly believes the District's Chief Judge has the power to reverse a decision by another District Judge when the proper procedure is to file an appeal with the Seventh Circuit Court of Appeals. However, it is appropriate, based on the arguments made by the Plaintiff, for the undersigned to construe this letter as a case-specific request for reconsideration.

reconsideration based on her perceived error of law by the Court. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) ("[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed."). However, the motion is untimely because the Plaintiff did not file it within 28 days of judgment. *See* Fed. R. Civ. P. 59(e).[2]

Even if the motion was timely, "Rule 59(e) allows a court to alter or amend a judgment only if the [plaintiff] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht*, 517 F.3d at 494. In this case, without citing to any pertinent legal authority the Plaintiff contends that the Court made an error of law by dismissing her case based on a lack of subject matter jurisdiction without considering personal jurisdiction. However, once a federal court determines that it lacks subject matter jurisdiction, it cannot then reach the question of personal jurisdiction, *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 639 (7th Cir. 2021) (citation omitted), because "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) (citation omitted). Thus, the Plaintiff has not demonstrated that the Court made a manifest error of law.[3]

---

[2] The record indicates that the Clerk of Court entered the judgment in this case on December 27, 2024, and the Plaintiff filed this motion 40 days later, on February 5, 2025. *See* ECF Nos. 8, 10.

[3] To the extent that the Plaintiff makes additional statements in her Letter, none demonstrate a manifest error of law or present newly discovered evidence in this case; thus, the Court need not address those statements.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the relief requested in the Plaintiff's Letter [ECF No. 10].

SO ORDERED on May 22, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
